# EXHIBIT A





**COPY**

JUN 10 2020

CLERK OF THE SUPERIOR COURT
C. O'NEILL
DEPUTY CLERK

3654 N. Power Rd., Suite 132
Mesa, Arizona 85215
844-346-6352
*Attorneys for the Plaintiff*
By: Mark A. Holmgren, Bar No. 019132
Ashley N. Moscarello, Bar. No. 032572
Daniel S. Francom, Bar No. 031615
mark@goodlaw.legal
ashley@goodlaw.legal
dan@goodlaw.legal

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BRENTWOOD PARK CONDOMINIUM ASSOCIATION INC., <br><br> Plaintiff, <br><br> vs. <br><br> WAYNE B. WARRINGTON, III, <br><br> Defendant. | Case No.: CV 2020-093610 <br><br> **COMPLAINT** <br><br> (Assigned to the Honorable _____) |

The plaintiff, Brentwood Park Condominium Association Inc. ("Association"), by and through undersigned counsel, hereby alleges as follows for its complaint against defendant Wayne B. Warrington, III as follows:

1. Venue and jurisdiction properly lie in this court.

2. The defendant is the record owner of Unit D-103 in the Brentwood Park Condominiums.

1

3. The defendant took title to his unit pursuant to a Warranty Deed dated December 20, 2017 and recorded in the Maricopa County Attorneys' Office on December 26, 2017.

4. The plaintiff is the condominium association for Brentwood Park Condominiums.

5. The parties' relationship is governed by the Declaration of Horizontal Property Regime and Covenants, Conditions and Restrictions for Brentwood Park Condominiums ("Declaration") recorded October 2, 1980 in the Maricopa County Recorder's Office, as amended.

6. The Association recorded a Fourth Amendment to Declaration of Horizontal Property Regime and Covenants, Conditions and Restrictions for Brentwood Park Condominiums ("Fourth Amendment") on April 12, 1994 in the Maricopa County Recorder's Office.

7. The Fourth Amendment states, "No dogs will be allowed regardless of size, kind or breed, whether on a temporary or permanent basis."

8. The defendant has a dog in his unit.

9. The defendant has provided documentation dated February 27, 2019 from a medical provider to the Association indicating that the dog is a support animal for a minor child residing at the unit who has anxiety.

10. The defendant submitted additional documentation dated April 10, 2020 from a medical provider to the Association indicating that the dog is an emotional support dog for the anxiety of a minor child residing at the unit.

2

11. Neither of the documents provided to the Association by the defendant indicate that the minor child has a disability, or that the dog mitigates the effects of a disability.

12. On April 20, 2020 the Association sent the defendant a letter stating, "The documentation your tenant supplied does not meet the requirements of the Fair Housing Act…because it does not state he has a disability and does [not] explain how the emotional support animal would alleviate the effects of that disability."

13. On information and belief, the Association believes the minor child residing at the defendant's unit is part of a split custody arrangement and splits time between the defendant's unit and another domicile every other week.

14. The dog stays at Brentwood Park Condominiums full time even when the minor child is not there.

15. On May 26, 2020, the Association informed the defendant that "The Association hereby grants you a provisional approval of that request [for a reasonable accommodation] while the Association conducts further investigation into the underlying merits of your request. The documentation you have provided to date does not establish his entitlement to a reasonable accommodation because the documentation does not meet the requirements of the Fair Housing Act."

16. The dog continues to reside in the defendant's unit.

17. The Association disputes the reasonableness of the defendant's requested accommodation.

18. The Association disputes that the dog is actually an emotional support animal.

3

## COUNT ONE

## DECLARATORY RELIEF

19. The Association incorporates herein by this reference all allegations included in paragraphs 1-18.

20. The Association and the defendant are both parties to the Declaration and Fourth Amendment.

21. The Association and the defendant are both bound by and subject to the Fair Housing Act.

22. The Association is entitled to a determination as to the reasonableness of the defendant's request for a reasonable accommodation under the Fair Housing Act.

23. There is a dispute between the Association and the defendant regarding the reasonableness of the defendant's requested accommodation.

24. The Association has a right to provisionally grant a requested accommodation while it conducts additional investigation and seeks a judicial determination as to the reasonableness of the request without violating a homeowner's rights pursuant to *Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 621-622 (6th Cir. 2011) and *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

25. The Association is entitled to declaratory relief as to the reasonableness of the defendant's requested accommodation and as to whether the defendant is entitled to an accommodation.

26. The Association is entitled to recover its attorneys' fees and costs pursuant to A.R.S. § 12-341.01 and the terms of the Declaration.

4

WHEREFORE, the Association prays for judgment against the defendant and in the Association's favor as follows:

    a. For a declaratory judgment stating that the defendant's requested accommodation under the Fair Housing Act is unreasonable;

    b. For a declaratory judgment as to the defendant's entitlement to an accommodation;

    c. For an award of its attorneys' fees and costs; and

    d. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of June 2020.

                      Goodman Holmgren Law Group, L.L.P.

                      /s/   Mark Holmgren
                      Mark A. Holmgren, Esq.
                      Ashley N. Moscarello, Esq.
                      Daniel S. Francom, Esq.
                      *Attorneys for the Plaintiff*



3654 N. Power Rd., Suite 132
Mesa, Arizona 85215
844-346-6352  x 416
*Attorneys for the Plaintiff*
By:   Mark A. Holmgren, Bar No. 019132
       Ashley N. Moscarello, Bar. No. 032572
       Daniel S. Francom, Bar No. 031615
       mark@goodlaw.legal
       ashley@goodlaw.legal
       dan@goodlaw.legal

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BRENTWOOD PARK CONDOMINIUM ASSOCIATION INC., <br><br> Plaintiff, <br><br> vs. <br><br> WAYNE B. WARRINGTON, III, <br><br> Defendant. | Case No.: CV2020-093610 <br><br> **SUMMONS** <br><br> If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 <br> or <br> www.maricopalawyers.org <br> Sponsored by the <br> Maricopa County Bar Association |

**THE STATE OF ARIZONA TO:**

Wayne B. Warrington, III
334 W. Medlock Dr. Unit D-103
Phoenix, AZ 85013

YOU ARE SUMMONED to appear and answer the Complaint in the court named above by filing a written ANSWER and paying a required fee. The court will provide an answer form. You must file an answer within twenty (20) calendar days, not counting the day you were served. If the 20th is a Saturday, Sunday, or legal holiday, the time to Answer runs until the end of the next working day. If you are served outside of Arizona you must file an Answer within thirty (30) calendar days, not counting the day you were served.

1

MOREOVER, YOU ARE ORDERED to appear before the Court to answer to all allegations and Orders accompanying the Complaint. If you fail to appear, injunction and/or judgment will be entered against you.

IF YOU FAIL TO ANSWER, judgment may be entered against you as requested in the Complaint. The attorney for the Plaintiff must be given a copy of your answer at the attorney's address above.

REQUESTS FOR REASONABLE ACCOMMODATION for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.

REQUEST FOR AN INTERPRETER for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.

THE NAME AND ADDRESS of Plaintiff's attorney is:

Mark A. Holmgren, Esq.
3654 North Power Road, Suite 132
Mesa, Arizona 85215
(844) 346-6352

SIGNED AND SEALED this date:



COPY

JUN 1 0 2020

Clerk of the Court of the Superior Court
B. O'NEILL
DEPUTY CLERK

2



3654 N. Power Rd., Suite 132
Mesa, Arizona 85215
844-346-6352
*Attorneys for the Plaintiff*
By:  Mark A. Holmgren, Bar No. 019132
     Ashley N. Moscarello, Bar. No. 032572
     Daniel S. Francom, Bar No. 031615
     mark@goodlaw.legal
     ashley@goodlaw.legal
     dan@goodlaw.legal



COPY

JUN 1 0 2020

CLERK OF THE SUPERIOR COURT
C. O'NEILL
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BRENTWOOD PARK CONDOMINIUM ASSOCIATION INC., <br><br>Plaintiff, <br><br>vs. <br><br>WAYNE B. WARRINGTON, III, <br><br>Defendant. | Case No.: CV2020-093610 <br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

The plaintiff, by and through undersigned counsel, hereby certifies that it knows the dollar limits and other limitations set forth by the Local Rules of this Superior Court, and further certifies that this case is NOT SUBJECT to compulsory arbitration because the plaintiff's complaint seeks non-monetary relief.

RESPECTFULLY SUBMITTED this 8th day of June 2020.

        Goodman Holmgren Law Group, L.L.P.

        /s/   Mark Holmgren
        Mark A. Holmgren, Esq.
        Ashley N. Moscarello, Esq.
        Daniel S. Francom, Esq.
        Attorneys for the Plaintiff

| | | |
|---|---|---|
| Attorney or Party without Attorney:<br>**Ashley Moscarello**<br>Goodman Law Offices<br>3654 N Power Road, Suite 132<br>Mesa, AZ 85215<br>TELEPHONE No.: (844) 346-6352<br>Attorney for: Plaintiff(s) Brentwood Park Condominium Association Inc. | Ref No. or File No.:<br>05160 | OF THE COURT<br>DOCUMENT COB #2<br>RECEIVED DEPOSITORY<br>20 JUN 24 AM 9: 24 |

Insert name of Court, and Judicial District and Branch Court:
In MARICOPA COUNTY SUPERIOR COURT in and for the County of MARICOPA

Petitioner: Brentwood Park Condominium Association Inc.
Respondent: Wayne B. Warrington, III

| **CERTIFICATE OF SERVICE** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>CV2020-093610 |
|---|---|---|---|---|

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. At the time of service I was at least 18 years of age and authorized to serve process in this case.

I served copies of the Summons; Complaint; Certificate of Compulsory Arbitration

a. Party served          Wayne B. Warrington, III
   Age: 51 - 55 yrs. Race: Caucasian  Sex: Male Eyes:  Height: 5'7 - 6'0  Weight: 161-180 lbs. Hair: Bald

Address where served: 334 W Medlock Dr Unit D103
                      Phoenix, AZ 85013-2356

5. I served the party
   a. I personally delivered the documents to the party or person authorized to
      receive service of process for the party (1) on: 6/18/2020    (2) at: 9:35 AM

Person who served papers:
NATIONWIDE LEGAL   Name: James Menona
                  County of Maricopa County, 7790
                  3150 N. 24TH STREET, D-104
                  Phoenix, AZ 85016
                  (602) 256.9700
                  www.nationwideasap.com

The fee for service was: $ 55.00

Date: June 18, 2020

*(signed)* (James Menona)

AZ196225

---

AZ196225.05160
**CERTIFICATE OF SERVICE**